IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JESSE TIRADO LOPEZ, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO: H-17-0089 |
| § | |
| LORIE DAVIS, § | |
| Director of the Texas Department § | |
| of Criminal Justice - Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 3). The court recommends respondent's motion for summary judgment (Dkt. 14) be granted and the petition be denied with prejudice.

**Background**

Petitioner Jesse Tirado Lopez pled not guilty to the offense of assault-family violence. On December 5, 2012, a jury found him guilty of the offense and, with the enhancement of two prior convictions for driving while intoxicated, sentenced him to 32 years in prison. The Thirteenth Court of Appeals affirmed his conviction. His petition for discretionary review was refused on June 17, 2015. Lopez filed a state application for writ of habeas corpus on August 3, 2016.[1] The Texas Court of Criminal Appeals denied relief on the findings of the

---

[1] The prison mail box rule applies to a petitioner's filing of his state writ application for purposes of AEDPA tolling. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). August 3, 2016 is the date Lopez signed his state writ application and thus the earliest possible filing date. Dkt. 17-21 at 21.

trial court without hearing on November 2, 2016.[2] Lopez filed his federal petition on January 5, 2017, when he placed it in the prison mail.[3]

**Analysis**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Lopez's conviction became final on September 15, 2015 when his time for filing a petition for writ of certiorari with the United States Supreme Court expired. His one-year statute of limitations under AEDPA expired on September15, 2016, absent statutory or equitable tolling. Lopez's state writ, filed on August 3, 2016 and denied on

---

[2] Dkt. 17-18.

[3] Dkt. 1 at 10. *See Spotville v. Cain*, 149 f.3d 374, 378 (5th Cir. 1998) (petition is filed on date place in prison mail system for purposes of determining applicability of AEDPA).

November 2, 2016, tolled the one-year limitation period for ninety-one days, or until December 15, 2016. Therefore, Lopez's federal petition filed on January 5, 2017 is twenty-one days late. The record reflects no grounds for equitable tolling of the federal statute of limitations.

**Conclusion and recommendation**

Lopez's petition for writ of habeas corpus is barred by the statute of limitations under 28 U.S.C. § 2244(d)(2). Therefore, the court recommends that his petition be denied with prejudice.

The court further finds that Lopez has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on September 26, 2017.

Stephen Wm Smith
United States Magistrate Judge